UNITED STATES DISTRICT COURT                    c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD JOE BLACK, Plaintiff | CIVIL ACTION NO. 1:17-CV-00303 |
| VERSUS | CHIEF JUDGE DRELL |
| JUDGE CAMPBELL, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a Motion to Proceed *in forma pauperis* on Appeal filed by Plaintiff Harold Joe Black ("Black"). (Doc. 15).

I.    <u>Background</u>

Black was sanctioned by this Court in case No. 14-cv-822 and must first seek permission and approval from the Chief Judge before filing a new civil action. Black asked this Court for permission to file suit against First Judicial District Court ad hoc Judge Campbell for failing to allow him to appeal his state court action. He recently filed the same allegations in case number 16-cv-1784. Here, Black sought permission to file a suit to order a state judge to perform a duty. This Court denied him permission to file this Complaint on March 17, 2017, as the Court lacked jurisdiction to hear the action. (Doc. 5).

Black then filed a Motion for Reconsideration. (Docs. 6, 7, 9). The Court denied the motion for the reasons set forth in the March 17, 2017 order. (Doc. 10).

Black filed an *in forma pauperis* application (Doc. 15) and a Notice of Appeal (Doc. 13). The Notice of Appeal simply states that "NOW COMES INTON [sic]

COURT Ill Pro-se Harold Joe Black, in his efforts to obtain appeal date concerning Doc. No.10 plaintiff reconsideration denied May 5, 2017." (Doc. 13).

## II.   Discussion

Under Federal Rule of Appellate Procedure 24(a)(1), a party "who desires to appeal in forma pauperis must file a motion in the district court" and attach an affidavit that shows the "party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2). Even if the party had previously been permitted to proceed *in forma pauperis* at the district court level, the district court can deny the party leave to appeal *in forma pauperis* if "the district court — before or after the notice of appeal is filed — certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding." Fed. R. App. 24(a)(3)(A).

Black is required to provide the district court with an affidavit that "states the issues that [he] intends to present on appeal." Fed. R. App. 24(a)(1)(c). However, neither Black's Motion to Proceed *in forma pauperis* on Appeal nor his Notice of Appeal state the issues he intends to present. See McQueen v. Evans, No. 95-50474, 1995 WL 17797616, at *2 (5th Cir. 1995) (unpublished) (IFP applicant must provide a statement of issues he intends to present on appeal, and failure to address an issue in an IFP motion constitutes its abandonment). Therefore, Black's application should be denied.

III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Black's Motion to Proceed *in forma pauperis* on Appeal (Doc. 15) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___21st___ day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge